UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Allstate Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>Kimberly N. White, Karry K. White, and Jeanette Z. White,<br><br>Defendants. | 3:26-cv-2097-JDA<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Non-jury)** |

Plaintiff Allstate Insurance Company ("Allstate"), by and through its undersigned counsel, complaining of the Defendants Kimberly N. White, Karry K, White, and Jeanette Z. White ("Defendants"), respectfully alleges and states as follows:

## BACKGROUND

1.     Allstate is an insurance company organized and existing under the laws of the state of Illinois, with its principal place of business in Northbrook, Illinois and issues insurance policies in the state of South Carolina.

2.     Defendant Kimberly White is an individual who is a citizen of the state of South Carolina.

3.     Defendant Karry K. White is an individual who is a citizen of the state of South Carolina.

4.     Defendant Jeanette Z. White is an individual who is a citizen of the state of South Carolina.

5.     The loss and claims at issue in this case arise out of incidents that occurred in South Carolina.  This case involves the interpretation of an insurance policy entered into in South Carolina and that insures interests in South Carolina.

6.      Jurisdiction exists because there is complete diversity of citizenship between Allstate and the Defendants, and the amount in controversy potentially exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7.      Venue is appropriate under 28 U.S.C. § 1391 because the policy at issue in this case insures property that is located in this district and was issued in this district.

8.      This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § § 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether Uninsured Motorists Insurance Coverage can be stacked for each of the vehicles on the Policy as it relates to the Accident.

**FACTUAL BACKGROUND**

**A.      The Underlying Lawsuit and Investigation**

1.      On or about April 26, 2024, Kimberly White filed a lawsuit in the Court of Common Pleas for Richland County, alleging personal injury as a result of Farron Boyd's and Jeana Boyd's negligence on July 24, 2021 ("Underlying Lawsuit"). The lawsuit is captioned *Kimberly White v. Farron S. Boyd and Jeana G. Boyd*, civil action number 2024-CP-40-02625. The lawsuit is attached hereto as **Exhibit A**.

2.      Kimberly White alleges that on July 24, 2021, while Farron Boyd was driving westbound on Bluff Road, he made an improper U-turn and struck her vehicle, causing her to run off the roadway and strike a fire hydrant ("Accident"). (Exhibit A, ¶¶ 6-8).

3.      Kimberly White was driving a 2011 Chevrolet Malibu, which was owned by her parents, Karry White and Jeanette White, at the time of the Accident.

4.      Neither Farron Boyd nor Jeana Boyd have made an appearance in the Underlying Lawsuit.

5. Kimberly White ("White") served Allstate as an underinsured motorist ("UIM") carrier.

6. Allstate has paid White $100,000 in UIM coverage – the amount of UIM coverage on the vehicle she occupied at the time of the accident.

7. However, White claims that she was a resident relative of her parents at the time of the accident, that she is a Class I insured who can stack UIM coverage from other vehicles listed on her parent's Allstate policy.

8. On December 7, 2023, counsel for Allstate took White's Examination Under Oath.

9. During her Examination Under Oath, White testified that she moved out of her parents' home in 2012 to a home located at 41 Burdock Circle, Columbia, SC 29201. She was renting this home that is owned by family members.

10. The address of 41 Burdock Circle, Columbia, SC 29201 appears as her legal address on multiple records, including:

   a. Her current driver's license (issued approximately three months before the Accident);

   b. Her motor vehicle registration;

   c. Her voting registration;

   d. Her billing and statement mailings;

   e. Her financial-statement mailings; and

   f. Her cell phone bill and internet registration.

11. At the time of the accident, White resided in the rental home located at 41 Burdock Circle, Columbia, SC 29201.

12. White did not reside with her parents at 1106 Lee Circle, West Columbia, South Carolina 29170.

**B.      The Policy**

9. Allstate issued an automobile policy, policy number 030031680 ("the Policy"), to Karry White and Jeanette White.  The address listed on the declarations pages is 1106 Lee Circle, West Columbia, South Carolina. A true and correct copy of the Policy is attached as **Exhibit B**, and the terms of the Policy are incorporated as if fully stated here.

10. The Policy provides insurance coverage for five different vehicles, including the 2011 Chevrolet Malibu that Kimberly White was driving at the time of the accident.

11. For the 2011 Chevrolet Malibu, the Policy has an Underinsured Motorist Insurance limit of $100,000 per person for bodily injury.

12. The Policy provides:

> **Part 3 – Uninsured Motorists Insurance Coverage SS, Underinsured Motorists Insurance Coverage SU**
>
> **Section II – Underinsured Motorists Insurance SU**
>
> **Insuring Agreements**
>
> **We** will pay those damages that an Insured person is legally entitled to recover from the owner or operation of an underinsured auto because of:
>
> 1.      **bodily injury** sustained by an insured person; and
>
> 2.      **property damage**.
>
> The **bodily injury** or **property damage** must be caused by accident and arise out of the ownership, maintenance or use of an underinsured auto.
>
> ****
>
> **Insured Persons**
>
> 1.      **you** and any **resident** relative.

2. Any other person while in, on, or getting into or out of an insured auto with **your** permission.

****

**Definitions Used In Part 3 – Section II**

5. **Resident** means a person who physically resides in **your** household with the intention of continuing residence there. **Your** unmarried dependent children while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household.

6. **You** or **Your** means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

****

**Limits Of Liability**

The limits shown on the Policy Declarations are the maximum **we** will pay for any single accident involving an insured auto. The limit stated for each person for **bodily injury** is **our** total limit of liability for all damages because of **bodily injury** sustained by one person in any single accident involving an insured auto including all damages sustained by anyone else as a result of that **bodily injury**. Subject to the limit for each person, the limit stated for each accident is **our** total limit of liability for all damages for **bodily injury** sustained by two or more persons in any single accident involving an insured auto. For **property damage**, the limit stated for each accident is **our** total limit of liability for **property damage** sustained in any single accident involving an insured auto. This is the most **we** will pay regardless of the number of:

1. insured persons;

2. claims made;

3. vehicles or premiums shown on the Policy Declarations; or

4. vehicles involved in the accident.

The Underinsured Motorists Insurance limits apply to each insured **motor vehicle** as shown on the Policy Declarations. The insuring of more than one person or auto under this policy will not increase **our** liability limits beyond the amount shown for any one auto, even though a separate premium is charged for each auto. The limits also will not be increased if **you** have other auto insurance policies that apply.

13.     The bodily injury claimed by Kimberly White allegedly arose out of the motor vehicle accident on July 24, 2021.

14.     The motor vehicle accident on July 24, 2021 was allegedly caused by an underinsured auto.

15.     White claims she is legally obligated to recover additional damages from the owner or operator of an underinsured auto under the Policy issued to her parents and that she can stack additional Underinsured Motorist Coverage from the additional vehicles on the Policy.

16.     Under Section II – Underinsured Motorists Insurance SU, UIM coverage is provided to an insured person, which includes the named insureds, any resident relative, and any other person while using an insured vehicle with the named insured's permission.

17.     White was not a resident relative of the named insureds at the time of the accident.

18.     Upon information and belief, White was using an insured vehicle with the named insured's permission.

19.     Because Kimberly White was a permitted user, but not a resident of the household of her parents, she is considered a "Class II" insured under the applicable laws of the State of South Carolina.

20.     Allstate is entitled to a judicial declaration that White cannot stack Underinsured Motorists Insurance from other vehicles listed on the Policy.

**FOR A FIRST CAUSE OF ACTION**
**<u>DECLARATORY JUDGMENT</u>**

21.     The allegations contained in paragraphs 1 through 20 are incorporated as if fully stated here.

22.     Allstate seeks a determination from this Court of whether White can stack Underinsured Motorists Insurance from other vehicles listed on the Policy.

23.     The Underinsured Motorists Coverage provides coverage for insureds, which includes resident relatives of the named insureds, Karry White and Jeanette White, and any other person while using an insured vehicle with the named insured's permission

24.     Kimberly White is not a resident relative of Karry White and Jeanette White, as she did not reside with her parents and she is not temporarily away from home.

25.     Upon information and belief, White was a permissive user of the vehicle at the time of the Accident.

26.     Because Kimberly White was a permitted user, but not a resident of the household of her parents, she is considered a "Class II" insured under the applicable laws of the State of South Carolina.

27.     Therefore, Allstate is entitled to a declaration that the Policy provides a maximum of $100,000 in Underinsured Motorist Insurance for the claims asserted by her arising out the Accident. As a "Class II" insured, she is not entitled to stack Underinsured Motorist benefits according to the law of this state or under the terms of the Policy.

WHEREFORE, Allstate requests this Court inquire into these matters and declare that the Policy provides a maximum amount of Underinsured Motorist Insurance coverage for Kimberly White in the amount of $100,000 for any claims arising out of the Accident.  Therefore, Allstate asks. Allstate prays that it be granted the relief set forth above, the costs of this action, and any such other and further relief as this Court shall deem just and proper.

**GALLIVAN, WHITE & BOYD, P.A.**

**By:** s/A. Johnston Cox
      A. Johnston Cox (6534)
      J. Clayton Mitchell, III (11739)
      PO Box 7368

Columbia, SC 29202
jcox@gwblawfirm.com
cmitchell@gwblawfirm.com
(803) 779-1833

*Attorneys for Allstate Insurance Company*

May 27, 2026